## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LEIFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKFI, BLOCKFI, INC., BLOCKFI TRADING, LLC, BLOCKFI LENDING, LLC,<br><br>Defendants. | Case No. _____<br><br><br>**NOTICE OF REMOVAL** |

## TABLE OF CONTENTS

*Page*

I.    INTRODUCTION.................................................................................................................1

II.   PROCEDURAL MATTERS...............................................................................................2

III.  REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.............4

IV.   SECTION 22(a) OF THE SECURITIES ACT DOES NOT PREVENT
      REMOVAL........................................................................................................................10

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Broadway Grill, Inc.* v. *Visa Inc.*,
856 F.3d 1274 (9th Cir. 2017) ...............................................................................................5

*Brown* v. *Mortg. Elec. Registration Sys., Inc.*,
738 F.3d 926 (8th Cir. 2013) ...............................................................................................11

*Coffey* v. *Ripple Labs Inc.*,
333 F. Supp. 3d 952 (N.D. Cal. 2018) ..............................................................................10, 11

*Dart Cherokee Basin Operating Co.* v. *Owens*,
574 U.S. 81 (2014)..................................................................................................................4

*Dicuio* v. *Brother Int'l Corp.*,
2011 WL 5557528 (D.N.J. Nov. 15, 2011) ........................................................................6, 8

*Estate of Pew* v. *Cardarelli*,
527 F.3d 25 (2d Cir. 2008)..................................................................................................9, 11

*Exxon Mobil Corp.* v. *Allapattah Servs., Inc.*,
545 U.S. 546 (2005)................................................................................................................11

*F5 Capital* v. *Pappas*,
856 F.3d 61 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 473 (2017)............................................11

*Katz* v. *Gerardi*,
552 F.3d 558 (7th Cir. 2009) .......................................................................................... 11-12

*Kaufman* v. *Allstate New Jersey Ins. Co.*,
561 F.3d 144 (3d Cir. 2009)....................................................................................................6

*Luther* v. *Countrywide Home Loans Servicing*,
533 F.3d 1031 (9th Cir. 2008) ..............................................................................................12

*Margulis* v. *Resort Rental, LLC*,
2008 WL 2775494 (D.N.J. July 14, 2008)..............................................................................5

*New Jersey Carpenters Vacation Fund* v. *HarborView Mortg. Loan Tr.*,
581 F. Supp. 2d 581 (S.D.N.Y. 2008)......................................................................................8

*Owen* v. *Elastos Found.*,
438 F. Supp. 3d 187 (S.D.N.Y. 2020)....................................................................................12

ii

*Portillo* v. *Nat'l Freight, Inc.*,
    169 F. Supp. 3d 585 (D.N.J. 2016) ................................................................5, 6

*Rossetti* v. *Stearn's Prods., Inc.*,
    2016 WL 3277295 (C.D. Cal. June 6, 2016) ........................................................5

*Smith* v. *HSN, Inc.*,
    2020 WL 7022640 (D.N.J. Nov. 30, 2020) ...........................................................7

*Zakinov* v. *Ripple Labs, Inc.*,
    369 F. Supp. 3d 950 (N.D. Cal. 2019) ..............................................................9, 10

**Statutes**

15 U.S.C. §§ 77p ............................................................................................................8

15 U.S.C. §§ 77r ............................................................................................................8

15 U.S.C. § 77v ...........................................................................................................10

15 U.S.C. § 80a-3 ..........................................................................................................9

28 U.S.C. § 1332 ................................................................................................. *passim*

28 U.S.C. § 1367 .................................................................................................1, 2, 10

28 U.S.C. § 1446(a) ...................................................................................................1, 3

28 U.S.C. § 1453 ........................................................................................... 1, 2, 11, 12

California Corporations Code § 25110 .........................................................................4

California Corporations Code § 25503 .........................................................................4

New Jersey Statutes Annotated 49:3-60 ......................................................................2

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEW JERSEY**:  Please take notice that Defendants BlockFi Inc., BlockFi

Trading LLC, and BlockFi Lending LLC (collectively, "BlockFi" or "Defendants"),[1] by and

through their undersigned attorneys, hereby remove the above-captioned action ("Action") from

the Superior Court of the State of New Jersey, Law Division, Hudson County, to the United

States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332(d), 1367, and

1453.  As their "short and plain statement of the grounds for removal," *id*. § 1446(a), Defendants

state:

I.     **INTRODUCTION**

1.     This Action arises out of Plaintiff Michael Leifman's alleged enrollment in the

BlockFi Interest Account ("BIA").  The BIA is a custody solution for cryptocurrency assets that

allows BIA clients to earn monthly interest on their cryptocurrency assets.  (Ex. D, Am. Compl.

¶¶ 1, 4.)  BIA clients expressly agree to permit BlockFi to loan BIA assets to institutional and

corporate borrowers, among other things, to generate that interest.  BIA clients are permitted to

withdraw their cryptocurrency assets at any time.  (*Id*. ¶ 27.)  Plaintiff does not allege that he or

any other putative class member received materially false or misleading information about the

BIAs.  Plaintiff nowhere pleads that BlockFi misused or misappropriated any BIA assets.  Nor

does Plaintiff allege that BlockFi failed to make any monthly interest payments to BIA clients.

And Plaintiff does not plead that he or any other putative class member was unable to withdraw

any cryptocurrency assets from his BIA or lost any cryptocurrency assets placed in his BIA.

2.     Nevertheless, Plaintiff asserts that he and the purported class were somehow

injured because BlockFi was required to register the BIA as a "security" with the United States

---

[1]     Plaintiff also included "BlockFi" as a defendant in his Amended Complaint, but such an entity does not exist.

Securities and Exchange Commission ("SEC") and the New Jersey Bureau of Securities but did not do so.

3.      On February 28, 2022, Plaintiff filed this Action, captioned *Leifman* v. *BlockFi, et al.*, No. HUD-L-000700-22 (N.J. Super. Ct., Law Div., Hudson Cnty.), in the Superior Court of the State of New Jersey, Hudson County, Law Division.  (Ex. A, Compl.)  Plaintiff filed an Amended Complaint on March 2, 2022.  (Ex. D, Am. Compl.)  Plaintiff is represented by Scott Bursor and Andrew Obergfell of Bursor & Fisher, P.A.  The Amended Complaint asserts putative class claims "on behalf of all people in the United States who enrolled" in a BIA since its launch on March 4, 2019 under Section 5 of the Securities Act of 1933 ("Securities Act") and for unjust enrichment.  (*Id.* ¶¶ 1, 16, 52–53.)  The Amended Complaint also asserts a putative class claim on behalf of a subclass of purported class members "in New Jersey who purchased or enrolled in a BIA" under N.J.S.A. 49:3-60 of the New Jersey Uniform Securities Law.  (*Id.* ¶ 53.)  Plaintiff alleges that BlockFi violated the Securities Act and the New Jersey Uniform Securities Law because the BIA was an "unregistered security under state and federal law" and that BlockFi was unjustly enriched through offering the BIA.  (*Id.* ¶¶ 1–2, 73–83.)

4.      Defendants now remove this Action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.  The Court has jurisdiction over this Action and removable claims under 28 U.S.C. § 1332(d)(2), and supplemental jurisdiction over any purportedly non-removable claims under 28 U.S.C. § 1367(a).

## II.      PROCEDURAL MATTERS

5.      Plaintiff purportedly served BlockFi Inc., BlockFi Lending LLC, and BlockFi Trading LLC with the Amended Complaint on March 3, 2022.

6.      Defendants' time to respond to the Amended Complaint by answer or motion to dismiss has not expired, and Defendants have not served or filed an answer or motion.

7.      Because Defendants filed this Notice of Removal within 30 days of BlockFi Inc., BlockFi Lending LLC, and BlockFi Trading LLC being served with the Amended Complaint, removal is timely under 28 U.S.C. § 1446(b).

8.      As required by 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, Law Division, Hudson County.  Defendants will provide written notice of this Notice of Removal to Plaintiff.

9.      As required by 28 U.S.C. § 1446(a), copies of the Complaint, Civil Summons, Civil Track Assignment Notice, Amended Complaint, Affidavits of Service, and Certification of Good Cause Regarding Track Assignment Notice, as filed on the State Court docket, are attached as Exhibits A–F.  No other documents have been filed in the Action.

10.     The Civil Cover Sheet accompanying Defendants' Notice of Removal indicates that this Action is related to a putative class action filed by plaintiff John Mangano against BlockFi Inc., BlockFi Trading LLC, and BlockFi Lending LLC in the United States District Court for the District of New Jersey on March 1, 2022.  This action is captioned *John Mangano* v. *BlockFi, et al.*, No. 2:22-cv-1112 (D.N.J.), and is pending before Judge Kevin McNulty. Mangano is represented by the same attorneys as Plaintiff.  Like Plaintiff, Mangano asserts putative class claims on behalf of "all people in the United States who enrolled" in a BIA since its launch on March 4, 2019.  (Class Action Compl., No. 2:22-cv-1112, Dkt. No. 1, filed Mar. 1, 2022, ¶ 1.)  Like Plaintiff, Mangano asserts claims under Section 5 of the Securities Act and for unjust enrichment.  (*Id.* ¶¶ 1, 65–73, 83–88.)  Like Plaintiff, Mangano alleges that the BIA was an "unregistered security under state and federal law."  (*Id.* ¶¶ 1–2.)  And similar to Plaintiff, Mangano also asserts a putative class claim on behalf of "a subclass consisting of Class members

3

in California who purchased or enrolled in a BIA" under California Corporations Code §§ 25110 and 25503.  (*Id.* ¶¶ 9, 57, 74–82.)

11.     All Defendants join in this Notice of Removal.

## III.    <u>REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT</u>

12.     This purported nationwide securities class action is removable under CAFA.  A putative class action commenced after February 18, 2005 may be removed to the appropriate federal district court if:  (i) the action purports to be a "class" action brought on behalf of 100 or more members; (ii) "any member" of the putative class "is a citizen of a State different from any defendant"; and (iii) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (2)(A), (5)(B).  The Supreme Court has explained that CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81, 89 (2014).  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Id*.  This Action satisfies each of CAFA's requirements for removal.

13.     ***Date of Commencement.***    CAFA applies to this Action because it was commenced on February 28, 2022, more than 17 years after the February 18, 2005 effective date of CAFA.

14.     ***Size of Purported Class.***  Although Defendants do not concede either that class certification is appropriate in this case or the propriety or breadth of the alleged classes, Plaintiff seeks to represent a putative class of "[a]ll persons or entities in the United States who purchased or enrolled in a BIA," and alleges that there were 391,105 BIA clients in the United States as of

December 8, 2021.  (Ex. D, Am. Compl. ¶¶ 4, 52.)  That number well exceeds the 100 putative

class members required for removal under CAFA.  28 U.S.C. §§ 1332(d)(1)(B), (5)(B).

15.    ***Minimal Diversity.***  Removal under CAFA requires only "minimal diversity"; as

long as "any member" of the putative class "is a citizen of a State different from any defendant,"

CAFA's minimal diversity requirement is satisfied.  28 U.S.C. § 1332(d)(2)(A); *see Portillo* v.

*Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 592 (D.N.J. 2016).

16.    On Defendants' side, each BlockFi Defendant is a citizen of New Jersey and

Delaware.  Under CAFA, a corporation is a citizen of its principal place of business and its place

of incorporation, 28 U.S.C. § 1332(c)(1), and an unincorporated association is a citizen of its

principal place of business and "the State under whose laws it is organized," *id.* § 1332(d)(10).

Plaintiff alleges that each BlockFi Defendant maintains offices in New Jersey (Ex. D, Am.

Compl. ¶¶ 11–13), and is therefore a citizen of New Jersey.  Plaintiff further pleads that BlockFi

Inc. is a corporation incorporated in Delaware and BlockFi Trading LLC and BlockFi Lending

LLC are limited liability companies organized under the laws of Delaware.  (*Id.*)

17.    On Plaintiff's side, members of the purported class include citizens of states *other*

*than* New Jersey and Delaware because Plaintiff seeks to represent a nationwide class of "[a]ll

persons or entities in the United States who purchased or enrolled in a BIA."  (*Id.* ¶¶ 4, 52.)

Putative class members in the purported nationwide class are citizens of states different from

Defendants, and minimal diversity is thus satisfied.  *See, e.g.*, *Margulis* v. *Resort Rental, LLC*,

2008 WL 2775494, at *2 (D.N.J. July 14, 2008) (action brought on behalf of purported

nationwide class satisfies CAFA's minimal diversity requirement); *Broadway Grill, Inc.* v. *Visa*

*Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (same); *Rossetti* v. *Stearn's Prods., Inc.*, 2016 WL

3277295, at *1–2 (C.D. Cal. June 6, 2016) (same).  Although Plaintiff is allegedly a citizen of

New Jersey (Ex. D, Am. Compl. ¶ 9), CAFA requires only minimal diversity and is therefore a "lesser jurisdictional threshold" than removal under 28 U.S.C. § 1332(a), which requires "complete" diversity, *Portillo*, 169 F. Supp. 3d at 589, 591.

18.     In addition, Plaintiff cannot invoke CAFA's exceptions based on the proportion of the class that are citizens of the forum state.  28 U.S.C. §§ 1332(d)(3), (d)(4)(A) & (B).  Under CAFA, district courts must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed," or if "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and certain other conditions are met.  28 U.S.C. § 1332(d)(4)(A) & (B); *see Kaufman* v. *Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148–49 (3d Cir. 2009); *Dicuio* v. *Brother Int'l Corp.*, 2011 WL 5557528, at *2–3 (D.N.J. Nov. 15, 2011).  CAFA also grants district courts discretion to decline jurisdiction where more than one-third but less than two-thirds of the members of the putative class, and the primary defendants, are citizens of the state in which the action was originally filed, based on the "totality of the circumstances" and certain enumerated considerations.  28 U.S.C. § 1332(d)(3).  Neither exception applies here.  Plaintiff seeks to represent a nationwide class of "[a]ll persons or entities in the United States who purchased or enrolled in a BIA."  (Ex. D, Am. Compl. ¶¶ 4, 52.)  As of December 31, 2021, New Jersey residents constituted 3.9% (16,044) of the total number of BIA clients in the United States (407,030).  That is far less than the two-thirds and one-third thresholds that would be required for Plaintiff to meet the exceptions at §§ 1332(d)(3) and (d)(4).

19.     ***Amount in Controversy.***  Although Defendants do not concede liability on Plaintiff's claims and/or the relief and damages requested, the Action places in controversy a

sum greater than $5,000,000, exclusive of interest and costs, as required to satisfy CAFA's amount-in-controversy requirement. Under CAFA, the amount in controversy is determined by aggregating the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). The Amended Complaint requests, among other things, "compensatory and statutory damages in amounts to be determined" and "restitution and all other forms of equitable monetary relief." (Ex. D, Am. Compl., at Prayer for Relief (c), (e).) Although Plaintiff chose not to specify a damages amount, he purports to bring claims on behalf of a nationwide class "of all people in the United States who enrolled in a BlockFi Interest Account" (*id.* ¶ 1), and alleges that, "[a]s of March 31, 2021, BlockFi and its affiliates held approximately $14.7 billion in BIA investor assets" and that, "[a]s of December 8, 2021, BlockFi and its affiliates held approximately $10.4 billion in BIA investor assets" (*id.* ¶ 4). Plaintiff also asserts as part of his unjust enrichment claim that "Defendants should disgorge the money and cryptocurrency accepted in exchange for BIAs." (*Id.* ¶ 82.) Considering Plaintiff's allegations that, as of December 8, 2021, BlockFi had 391,105 U.S. clients and held $10.4 billion in BIA assets, and Plaintiff's demands for compensatory damages, statutory damages, disgorgement, and all other forms of equitable monetary relief (*id.* ¶¶ 4, 69, 77, 82–83, Prayer for Relief (c)–(e), (g)), the damages sought by Plaintiff are well in excess of the jurisdictional minimum of $5,000,000, vesting this Court with jurisdiction under 28 U.S.C. § 1332(d).

20.     This estimate is sufficient for purposes of CAFA removal. When a plaintiff chooses not to specify a damages amount in the complaint, courts are to make a "realistic estimate" of damages based on "(1) the number of proposed class members (2) multiplied by the damages a typical class member would assert." *Smith* v. *HSN, Inc.,* 2020 WL 7022640, at *4 (D.N.J. Nov. 30, 2020). In addition, "the Third Circuit has held that an uncabined damages

7

request coupled with a statement in the Notice of Removal that the aggregated damages exceed

$5 million . . . is sufficient to establish the amount in controversy for CAFA purposes." *Dicuio*,

2011 WL 5557528, at *3 (citing *Kaufman*, 561 F.3d at 151).

21.     ***Exceptions.***   None of the CAFA exceptions bars removal here.  A putative class

action may not be removed under CAFA if it "solely involves a claim":  (i) "concerning a

covered security"; (ii) relating "to the internal affairs or governance of a corporation"; or

(iii) relating "to the rights, duties (including fiduciary duties), and obligations relating to or

created by or pursuant to any security (as defined under section 2(a)(1) of the Securities

Act . . . )."  28 U.S.C. § 1332(d)(9).  "Congressional sponsors of the bill repeatedly emphasized

the breadth of CAFA, while insisting that each exception must be construed narrowly."  *New

Jersey Carpenters Vacation Fund* v. *HarborView Mortg. Loan Tr.*, 581 F. Supp. 2d 581, 584

(S.D.N.Y. 2008).

22.     The Securities Act defines "covered security" to include: (i) "a security

designated as qualified for trading in the national market system pursuant to section 78k-1(a)(2)

of this title that is listed, or authorized for listing, on a national securities exchange (or tier or

segment thereof)"; and (ii) a "security issued by an investment company that is registered, or that

has filed a registration statement, under the Investment Company Act of 1940."  15 U.S.C.

§§ 77p(f)(3), 77r(b)(1)(A), 77r(b)(2).  BIAs were not qualified for trading in the national market

system or listed, or authorized for listing, on a national securities exchange.  And no Defendant

was registered as an investment company or had filed a registration statement.  As a result, the

covered security exception to CAFA removal does not apply.

23.     Although Plaintiff's allegations may imply that BlockFi Lending LLC *should

have been* registered as an investment company because the SEC ordered BlockFi Lending LLC

to "bring its business within the provisions of the Investment Company Act" (Ex. D, Am. Compl. ¶ 8), those allegations do not change the fact that no Defendant *was* registered or had filed a registration statement, as required by the plain language of the "covered security" definition.  In any event, bringing a business "within the provisions of the Investment Company Act" does not necessarily mean that the business must register as an investment company; it can also mean that the business satisfies an exception to registration.  *See, e.g.*, 15 U.S.C. § 80a-3(a)(1), (c)(2) (U.S. entity not required to register as investment company if (i) it is not, and does not hold itself out to the public as, an investment company, and investment securities are no more than 40% of the value of its total unconsolidated assets, exclusive of U.S. government securities and cash items, or (ii) it is "primarily engaged" in "acting as market intermediary").

24.    Plaintiff's claims also do not relate solely to the "internal affairs or governance of a corporation."  28 U.S.C. § 1332(d)(9)(B).  Each of Plaintiff's claims is based on allegations that Defendants offered and sold unregistered securities to the public. (Ex. D, Am. Compl. ¶¶ 1–2, 14, 16, 29–36, 38–41, 44–51.)  The Amended Complaint is devoid of allegations concerning BlockFi's internal affairs or governance.

25.    Nor does the Action "solely involve[] a claim . . . that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(C).  This exception "applies to suits asserting that the promises made in securities have not been honored but does not apply to suits asserting fraud or other misconduct in the sale of securities." *Zakinov* v. *Ripple Labs, Inc.*, 369 F. Supp. 3d 950, 962 (N.D. Cal. 2019); *see, e.g.*, *Estate of Pew* v. *Cardarelli*, 527 F.3d 25, 31–33 (2d Cir. 2008) ("[c]laims that 'relate [ ] to the rights . . . and obligations' 'created by or pursuant to' a security must be claims grounded in the terms of the security itself"; holding that removal is appropriate because alleged

9

fraudulent marketing of security "does not enforce the rights of the Certificate holders as holders"). As a result, alleged "selling of unregistered securities in violation of federal or state law" falls outside this exception to CAFA removal. *Zakinov*, F. Supp. 3d at 952. Here, Plaintiff does not (and cannot) allege that BlockFi failed to fulfill any promise made to him as a BIA client and instead alleges only that the BIA should have been registered under federal and state law. BlockFi's alleged unregistered offering of BIAs therefore does not except this Action from CAFA removal.

26.    In short, this Action meets all of the requirements for removal under CAFA, and none of the CAFA exceptions prevents removal.

## IV.    SECTION 22(a) OF THE SECURITIES ACT DOES NOT PREVENT REMOVAL

27.    Plaintiff's claim under Section 5 of the Securities Act does not bar removal here, notwithstanding Section 22(a) of the Securities Act. Section 22(a) states that, "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Section 22(a) does not prohibit removal of this Action under CAFA for two independent reasons.

28.    *First*, the Court has jurisdiction over Plaintiff's state law claims pursuant to CAFA and the Court may, at a minimum, exercise supplemental jurisdiction over Plaintiff's federal Securities Act claim pursuant to 28 U.S.C. § 1367. In *Coffey* v. *Ripple Labs Inc.*, the court concluded that, notwithstanding Section 22(a), CAFA's plain language permits removal of a class action that includes both state law claims and claims under the Securities Act. 333 F. Supp. 3d 952, 958–65 (N.D. Cal. 2018). The *Coffey* court reasoned that defendants could remove the action because CAFA permitted removal of the state law claims, and Section 22(a) did not operate as a bar on removing any class action that included a Securities Act claim. *Id.*

That is consistent with the purpose of CAFA, which broadened the definition of diversity jurisdiction in 28 U.S.C. § 1332 for putative class actions satisfying CAFA's size and amount-in-controversy requirements, *see* 28 U.S.C. § 1332(d), and created a separate statute permitting removal of putative class actions satisfying that broadened definition, *see id.* § 1453.  In doing so, CAFA expanded diversity jurisdiction to "assure that the federal courts are available *for all securities cases that have national impact*," subject to CAFA's three enumerated exceptions. *Cardarelli*, 527 F.3d at 32 (emphasis added).

29.     *Coffey*'s holding flows directly from the general rule that, under diversity jurisdiction, if a district court has jurisdiction over one claim, it has jurisdiction over the entire case. *See*, *e.g.*, *Exxon Mobil Corp.* v. *Allapattah Servs., Inc.*, 545 U.S. 546, 549–50 (2005) (if at least one plaintiff satisfies diversity jurisdiction requirements, supplemental jurisdiction statute permits exercise of diversity jurisdiction over additional plaintiffs who fail to meet minimum amount-in-controversy requirement).  This rule applies equally to removals under CAFA.  *See*, *e.g.*, *F5 Capital* v. *Pappas*, 856 F.3d 61, 82 (2d Cir. 2017) (holding that putative class action was properly removed under CAFA and that state law claims not otherwise removable fell under district court's supplemental jurisdiction), *cert. denied*, 138 S. Ct. 473 (2017); *Brown* v. *Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933–34 (8th Cir. 2013) (affirming removal under CAFA and district court's exercise of supplemental jurisdiction over state law claims not otherwise removable).

30.     *Second*, although this Court need not reach this issue because it has supplemental jurisdiction over Plaintiff's Securities Act claim, CAFA provides an independent basis to remove that claim, notwithstanding Section 22(a).  In *Katz* v. *Gerardi*, 552 F.3d 558, 561–62 (7th Cir. 2009), the Seventh Circuit held that Section 22(a) does not preclude removal under CAFA of a

11

Securities Act putative class action claim that otherwise meets CAFA's criteria for removal.  The court reasoned that CAFA was enacted more recently than Section 22(a) and "usually the older law yields to the newer."  *Id.* at 561.  The Court further explained that CAFA was more specific than Section 22(a) because CAFA applies only to "large, multi-state class actions" and thus also overrides Section 22(a).  *Id.* at 561–62.  And Section 1453(d) of CAFA specifically identifies the exclusions to CAFA removal, including two exclusions relating to securities, but does not include Securities Act claims as one of those exclusions.  *Id.*  To read Section 22(a) as barring removal under CAFA of a Securities Act putative class action claim would thus "make most of § 1453(d) pointless."  *Id.*; *see Owen* v. *Elastos Found.*, 438 F. Supp. 3d 187, 190 (S.D.N.Y. 2020) (for "class actions which both meet the jurisdictional requirements of CAFA and assert Securities Act claims," CAFA removal provision overrides Securities Act anti-removal provision); *but see Luther* v. *Countrywide Home Loans Servicing*, 533 F.3d 1031, 1032 (9th Cir. 2008) (CAFA does not supersede Section 22(a)'s "*specific* bar against removal of cases arising under the '33 Act").

31.     Section 22(a) therefore does not bar removal, and removal of this Action under CAFA is proper.

12

DATED:  March 17, 2022

By:

GERMANO LAW LLC


s/Judith H. Germano
Judith H. Germano
Gwen M. Schoenfeld

460 Bloomfield Avenue, Suite 200
Montclair, New Jersey 07042
jermano@germanolaw.com
gwens@germanolaw.com
(201) 247-7970



SULLIVAN & CROMWELL LLP


s/Jeffrey T. Scott
Jeffrey T. Scott
Julia A. Malkina (*pro hac vice* forthcoming)

125 Broad Street
New York, New York 10004
scottj@sullcrom.com
malkinaj@sullcrom.com
(212) 558-4000

*Attorneys for BlockFi Inc., BlockFi Lending LLC,
and BlockFi Trading LLC*

13